ERNESTO FERNANDO SCHLÜTER, Appellant, v. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 670. Submitted February 3, 1927.—Decided March 28, 1927.

*E. Campos del Toro* for the petitioner. The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 91 of the Code of Civil Procedure authorizes and provides for the recording in the registry of property of a notice of *lis pendens* in actions "affecting the title or the right of possession of real property."

In the instant case a registrar refused to record a notice of the pendency of an ordinary action for the foreclosure of a mortgage, upon the theory that the statute in question refers to revendicatory actions only.

In a letter to appellant, explanatory of the ruling now complained of, the registrar says that the section in question "may extend perhaps to cases affecting the title to real property, but not to actions for the recovery of money, even though arising from mortgages."

In a belated brief the same thought is elaborated to some extent as follows:

"An action for the foreclosure of a mortgage is an action *in rem*

and therefore affects the mortgaged property. However, it can not be inferred from this that such an action also affects the title to the property. The contingency that as a result of the action the title may shift, does not mean that it has to be affected. To maintain that because the action brought is of a real nature and may bring as a result the transfer of the title, it is eligible to record according to section 91 above cited, is equivalent to maintain, by analogy, that an ordinary complaint for the recovery of money, after an attachment to secure the effectiveness of judgment has been levied, is also eligible to record due to the fact that after the attachment is levied the action partakes of a real nature in so far as it affects a real title, and may cause a transfer of title. Hence, this last proposition is undoubtedly untenable unless we may stretch the law' too far.

"The citation from the dissenting opinion in Jordán v. Gómez, 18 P.R.R. 149, 164, is also favorable to our contention, inasmuch as therein the notice of *lis pendens* is considered to be tantamount 'to that of the cautionary notice of the pendency of an action claiming ownership of real property or property rights referred to in the first subdivision of article 42 of the Mortgage Law.' This analogy leads us to require as a condition precedent to the making of a marginal record of a complaint, pursuant to section 91 under consideration, that the action must refer to the title to real property or property rights."

The conclusion thus reached is not inconsistent with the Spanish version of section 91, *supra,* but is subversive of the doctrine announced in *Manrique de Lara v. Registrar,* 23 P.R.R. 803, wherein this court discussed the discrepancy between the original English text and the translation thereof into Spanish, and held that the former must control.

The registrar does not discuss the California cases cited by appellant nor suggest any satisfactory reason why we should reject the interpretation so placed upon the statute in question. The authorities referred to, together with other more recent cases, may be found in a foot-note to section 10 of an article on *lis pendens* in 16 Cal. Jur. page 655.

That an action for the foreclosure of a mortgage is within the contemplation of the statutory provision becomes self-evident if that provision is to be construed in the light of its history and purpose as a limitation and restriction upon

468

the common law doctrine of *lis pendens*. 17 R.C.L. page 1016 par. 10, and page 1019, par. 14.

The statute, of course, did not bring with it into this jurisdiction any element or feature of the common law doctrine not included in the terms employed by the California Legislature. Nor did the adoption of the law without amendment or modification by our own Legislature eliminate any part or portion of the doctrine of *lis pendens* plainly within the scope of the original enactment.

Inasmuch as the subject of attachments and constructive notice thereof is adequately covered by other statutory enactments, we need not speculate as to whether or not, in the absence of such additional legislation, a notice of the pendency of personal actions might be placed upon record in all cases wherein real property may have been attached. But even though the result suggested by the registrar should follow as a logical and necessary consequence of including actions for the foreclosure of mortgages, the situation would be substantially identical with existing conditions already created by the legislation last above mentioned and therefore need not be viewed with alarm. Nor is a reasonable degree of elasticity, if inherent in the nature and the phraseology of the enactment, an unmitigated evil.

The ruling appealed from must be reversed.